UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
:
**PRIME PROPERTY & CASUALTY**
**INSURANCE INC.**, :
:
                       Plaintiff, : **MEMORANDUM DECISION AND**
: **ORDER**
:
      – against – : 21-CV-2117 (AMD) (CLP)
:
:
**ELANTRA LOGISTICS INC.**, *et al.* :
:
:
                      Defendants. :
-------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      On February 14, 2020, three vehicles were involved in a chain reaction traffic accident. On February 5, 2021, the plaintiff—an insurer for one of the companies whose vehicle was involved—sought declaratory judgment against all of the parties connected to the accident, including TQ Logistics, Penske Truck Leasing, and Raymond Roemer, as well as additional unnamed insurers, to declare its rights and obligations under its own insurance policy. Before the Court is TQ Logistics, Penske Truck Leasing, and Raymond Roemer's motion to dismiss the complaint against them for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the reasons that follow, their motion is granted.

## BACKGROUND[1]

      On February 14, 2020, three vehicles were involved a chain reaction traffic accident: a 2005 Freightliner box truck operated by Jose Calderon (ECF No. 1 ¶ 5), registered to JSG

---

[1] This factual background is drawn from the complaint, filings in an underlying state court lawsuit brought by one of the parties involved in the accident and correspondence with one of the defendants' third-party claim administrator. (*See* ECF Nos. 1, 52-3, 52-4, 52-5, 54-2, 54-3.) "In assessing a 12(b)(1) motion, courts may consider affidavits and other documents outside of the complaint." *Jenisa Angeles, v. Grace Prod., Inc.*, No. 20-CV-10167, 2021 WL 4340427, at *1 (S.D.N.Y. Sept. 23, 2021) (citing *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 140 n.6 (2d Cir. 2001)).

Transport, LLC (*id.* ¶ 6), and leased to Elantra Logistics, Inc. (*id.* ¶ 3), whose president is Andrew Feinman (*id.* ¶ 4) (collectively the "Box Truck defendants"); a 2009 Toyota Sienna van driven by and registered to Jenchi Ku (*id.* ¶ 8), whose passenger was Pai Ling Chen (*id.* ¶ 7) (collectively the "Van defendants"); and a 2014 Freightliner tractor operated by Raymond Roemer (*id.* ¶ 11), registered to Penske Truck Leasing Co., LP (*id.* ¶ 10), to which TQ Logistics "provided trucking services" (*id.* ¶ 9) (collectively the "Tractor defendants"). At the time, the plaintiff provided commercial motor vehicle insurance for Elantra, one of the Box Truck defendants. (*Id.* ¶¶ 19-34.)

On July 7, 2020, the claim administrator for one of the Tractor defendants, TQ Logistics, issued a subrogation demand to the plaintiff, advising that it considered the plaintiff's insured, Elantra, liable. (*Id.* ¶ 9; ECF No. 54-2.) On July 10, 2020, the plaintiff denied the administrator's demand. (ECF No. 54-3.) On October 7, 2020, one of the Van defendants, Ku, sued two of the Tractor defendants—Raymond Roemer and Penske Truck Leasing—as well as two of the Box Truck defendants—Jose Calderon and JSG Transport—in New York Supreme Court. (ECF No. 1 ¶ 70.) On December 30, 2020, Ku, Roemer and Penske agreed to a stipulation of discontinuance (ECF No. 52-5), and Ku filed an amended complaint that raised claims only against the Box Truck defendants. (ECF No. 52-4.)

On February 5, 2021, the plaintiff filed this action, seeking declaratory judgment against the Box Truck defendants, the Van defendants and the Tractor defendants, as well as additional unnamed insurers whose policies "may" cover the accident. (ECF No. 1 ¶ 12.)[2] The plaintiff asks the Court to declare, among other things, that its insurance policy does not cover the Box Truck defendants or "any other individual/entity" for claims arising out of the accident (*id.* ¶¶

---

[2] The plaintiff filed the action in the Southern District of New York. The case was transferred to this Court on April 19, 2021. (ECF No. 41.)

75-79), and the plaintiff owes no duty to pay "any judgment recovered [against Elantra] by any claimant resulting from the collision" that was based on "negligence in the operation, maintenance or use of motor vehicles." (*Id.* ¶¶ 82-85; ECF No. 1-1 at 36-37.)

On February 19, 2021, and again on February 22 and February 23, 2021, the Tractor defendants called the plaintiff to explain that they were not "interested parties" to this action. (ECF Nos. 27, 29.) On March 1, 2021, the plaintiff offered to dismiss its action without prejudice against the Tractor defendants if they agreed to be bound by any judgment that might be entered in the case. (*Id.*) The Tractor defendants would not agree, and the plaintiff responded that it would not consent to a stipulation of dismissal without that provision. (*Id.*) At a conference on March 25, 2021, the Honorable John P. Cronan of the Southern District of New York directed the parties to try to resolve their dispute. The plaintiff renewed its offer, which the Tractor defendants again rejected. (ECF No. 34.) On April 14, 2021, Judge Cronan directed the Tractor defendants to file their motion to dismiss; but before the motion was filed, the parties agreed to transfer the case to this District. (ECF Nos. 40, 41.)

On May 28, 2021, the Tractor defendants moved to dismiss the complaint for lack of jurisdiction. (ECF No. 52.)

## LEGAL STANDARD

"Determining the existence of subject matter jurisdiction is a threshold inquiry," *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010), and dismissal is proper under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate" the claim. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* A court deciding a motion to dismiss pursuant to Rule 12(b)(1) may consider

3

evidence outside of the pleadings, *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986), but must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003).

## DISCUSSION

### I. Case Or Controversy

The defendants[3] argue that there is no case or controversy between them and the plaintiff because they are not party to Ku's personal injury suit—they were dismissed from the action before the plaintiff filed its declaratory action. They do not claim an injury in connection with the accident or have any reason "to participate in this action or be forced to be bound by its results." (ECF No. 52-6 at 8-9.) The plaintiff acknowledges that the defendants are not part of the lawsuit that forms the basis for this action, but maintains that the possibility of future litigation establishes subject matter jurisdiction. The plaintiff says that the defendants were named in the police report, that one of the defendants' claim administrators issued a subrogation demand, that the dismissal of the underlying lawsuit was without prejudice and that other parties involved in the accident may yet sue the defendants or seek contribution. (ECF No. 54 at 14-16.)

The subject matter jurisdiction of federal courts extends only to justiciable "Cases" or "Controversies." U.S. Const. art. III, § 2. "In order to qualify as a justiciable 'case or controversy' under Article III, '[t]he controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests.'" *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011) (alteration in original) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41 (1937)), *aff'd*, 568 U.S. 85 (2013). "The 'case or controversy' requirement is not

---

[3] To simplify the discussion, I refer to the Tractor defendants—the parties who moved to dismiss—as "the defendants" in this section.

4

satisfied by a 'difference or dispute of a hypothetical or abstract character.'" *Id.* (quoting *Haworth*, 300 U.S. at 240).

The Declaratory Judgment Act does not expand the subject matter jurisdiction of federal courts. *See PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1110 (2d Cir. 1997). The "party seeking a declaratory judgment bears the burden of proving the district court has jurisdiction." *E.R. Squibb & Sons, Inc. v. Lloyd's & Cos.*, 241 F.3d 154, 177 (2d Cir. 2001) (per curiam). The Declaratory Judgment Act permits a district court to "declare the rights and other legal relations" in a "case of actual controversy within its jurisdiction," 28 U.S.C § 2201(a), but "case of actual controversy" means "the type of 'Cases' and 'Controversies' that are justiciable under Article III of the Constitution." *Saleh v. Sulka Trading Ltd.*, 957 F.3d 348, 353 (2d Cir. 2020) (per curiam) (internal quotation marks omitted) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).

Insurance coverage litigation "often involves an insurer seeking a coverage declaration based on some future, contingent event." *Scottsdale Ins. Co. v. Jian Li Structure, Inc.*, No. 18-CV-1744, 2020 WL 5622201, at *5 (E.D.N.Y. Aug. 28, 2020). "Indeed, litigation over insurance coverage has become the paradigm for asserting jurisdiction despite future contingencies that will determine whether a controversy ever actually becomes real." *Associated Indem. Corp. v. Fairchild Indus., Inc.*, 961 F.2d 32, 35 (2d Cir. 1992) (internal quotation marks omitted). "But the fact that 'the liability may be contingent does not necessarily defeat jurisdiction of a declaratory judgment action.'" *Scottsdale*, 2020 WL 5622201, at *5 (quoting *E.R. Squibb & Sons*, 241 F.3d at 177). Courts in this Circuit consider whether a contingency is "practically likely" to occur for subject matter jurisdiction to exist in a declaratory action. *See Associated Indem.*, 961 F.2d at 35 ("[C]ourts should focus on the practical likelihood that the

5

contingencies will occur . . . ." (internal quotation marks and citation omitted)). Otherwise, the controversy lacks "sufficient immediacy and reality" to warrant declaratory relief. *In re Prudential Lines, Inc.*, 158 F.3d 65, 70 (2d Cir. 1998) (quoting *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). Where "the remedy sought is a mere declaration of law without implications for practical enforcement upon the parties, the case is properly dismissed." *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 415 F. App'x 264, 267 (2d Cir. 2011) (quoting *Browning Debenture Holders' Comm. v. DASA Corp.*, 524 F.2d 811, 817 (2d Cir. 1975)).

As the plaintiff acknowledges, there is no underlying case that involves the defendants. (ECF No. 54 at 8, 10-11.) The defendants were dismissed from Ku's lawsuit, and the plaintiff does not identify, nor is the Court aware of, another lawsuit involving the defendants that arises out of the accident. The defendants have not asserted claims against any of the parties involved in the accident. Nor has Elantra—the plaintiff's insured—been found liable. Indeed, no one has been found liable. All that exists outside this action is Ku's pending state suit against Andrew Feinman, Jose Calderon, JSG Transport, LLC and Elantra. The plaintiff argues that there could be litigation involving the defendants, but courts have generally held that "claims for indemnification are unripe until the underlying liability has been established." *Dresser-Rand Co. v. Ingersoll Rand Co. Ltd.*, No. 18-CV-3225, 2020 WL 6822989, at *4 (S.D.N.Y. Nov. 20, 2020) (citing *Solow Bldg. Co., LLC v. ATC Assocs., Inc.*, 388 F. Supp. 2d 136, 139 (E.D.N.Y. 2005)). Alleging a "merely hypothetical dispute" is "effectively asking the Court to issue an advisory opinion" as to the plaintiff's "obligation to indemnify." *United Fin. Cas. Co. v. Paddon*, 248 F. Supp. 3d 368, 373 (N.D.N.Y. 2017); *cf. U.S. Specialty Ins. Co. v. Nationwide Mut. Ins. Co.*, No. 19-CV-7884, 2020 WL 2489078, at *4 (S.D.N.Y. May 14, 2020) (finding that the "practical

6

likelihood" standard is met because a party is a defendant in an "action in state court that seeks to determine its liability"); *Stoncor Grp., Inc. v. Peerless Ins. Co.*, 322 F. Supp. 3d 505, 511-12 (S.D.N.Y. 2018) (same). "This type of request is not justiciable and does not constitute a case or controversy under the Constitution." *Paddon*, 248 F. Supp. 3d at 373.

The plaintiff suggests that the defendants "have become parties who will be affected by the judgment to be entered in this case" because the claim administrator for one of the defendants "asserted claims against [the plaintiff] and Elantra for damage." (ECF No. 54 at 8.) But "most states prohibit a party injured in a traffic accident from bringing suit solely and directly against the alleged tortfeasor's liability insurer." *Green v. First Liberty Ins. Corp.*, 321 F. Supp. 3d 368, 370 (E.D.N.Y. 2018). While New York has "softened this prohibition on direct actions by permitting a tort victim to sue the alleged tortfeasor's liability insurer, provided that, among other things, the victim first obtains a judgment against the tortfeasor," the defendants have not obtained a judgment. *Id.* "The theoretical possibility of such a future lawsuit, followed by a hypothetical judgment . . . is not enough to create a live case or controversy." *Scottsdale*, 2020 WL 5622201, at *7 (citing *Am. Exp. Bank Ltd. v. Banco Español de Crédito, S.A.*, 597 F. Supp. 2d 394, 406 (S.D.N.Y. 2009)).

**II.     Judicial Discretion**

Courts have discretion to determine "whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). "In order to decide whether to exercise its discretion to hear an action for declaratory judgment, the Second Circuit has instructed a district court to ask: '(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the

7

controversy and offer relief from uncertainty.'" *U.S. Dep't of Treasury v. Off. Comm. of Unsecured Creditors of Motors Liquidation Co.*, 475 B.R. 347, 358 (S.D.N.Y. 2012) (quoting *Duane Reade Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005)).

Even if there were an actual case or controversy—and there is not—a declaratory judgment would not serve a useful purpose. Declaring the plaintiff's rights and obligations under its insurance policy with respect to the defendants would require the Court to make a series of assumptions about a case that does not exist and may never exist. Moreover, there is no current controversy or uncertainty between the plaintiff and the defendants; all the plaintiff alleges is that the defendants were involved in a traffic accident and that they were once, but no longer, party to a personal injury lawsuit that arose out of that accident.

## CONCLUSION

For these reasons, the defendants' motion is granted and the plaintiff's complaint against the defendants is dismissed without prejudice.[4]


**SO ORDERED.**

                                                      s/Ann M. Donnelly
                                                      ANN M. DONNELLY
                                                      United States District Judge

Dated: Brooklyn, New York
       January 10, 2022

---

[4] Because I find that this Court lacks subject matter jurisdiction with respect to these defendants, I do not reach the other arguments raised in the parties' briefs.